## HENRY GIBBONS, Jr. *vs.* PARK MASON.

Constable's return must show whether the service was personal, or by leaving a copy at deft.'s house.
It need not state all the requisites, but if it shows that any of them were not observed, it will be bad.
Service by leaving a copy at the deft.'s *office* is not a good service.

CERTIORARI.

Summons issued.   Constable returns—"Summoned by copy left at the deft.'s office."   Judgment by default, the constable having verified the service by making oath "that he did duly serve this warrant in the manner set forth in the note of service indorsed."

Exception.  That the service of the summons was not made according to law.

*Richard H. Bayard*, for plff.  *Non constat* that the office is not a part of the deft.'s house, and the constable having sworn that he *duly* served the process, it will be taken to be so, unless the contrary appear.   If the office be distinct from the deft.'s place of abode, it should be shown by the other side.   All the requisites of the service need not be stated in the return.   "Service by copy" would be

a good return, because it would be construed to mean that the service was by leaving a copy at the deft.'s place of abode in the presence of one or more of the family or neighbors, as the law directs. *Dig.* 331.5.3.

*Hamilton.* The law requires a service at the dwelling-house in a certain manner. This return shows a different service; a service at the office. The oath does not help the case, because it is merely that the service was duly made *in the manner indorsed.*

*The Court.* The act requires that notice should be left at the dwelling-house of the deft. in the presence of some member of his family or neighbors. It is a wise provision to insure notice to the party before a judgment by default shall bind him. Here the service was at an office, a place where the family do not usually reside. The constable need not state in his return that all the requisites to a legal service were observed; but if he states any thing which shows that the service was not regular, the judgment cannot be sustained.

Judgment reversed.

*R. H. Bayard,* for plaintiff.
*Hamilton,* for defendant.